IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

LOIS GABRIEL,                    :

          Plaintiff,             :         HON. JEROME B. SIMANDLE

     v.                          :         CIVIL NO. 10-2256(JBS/JS)

SAFEWAY, INC., et al.,           :              **OPINION**

          Defendants.            :


APPEARANCES:

Vincent Anthony Guarna, Esq. (argued)
4620 Street Road
Trevose, PA 19053
     Attorney for Plaintiff Louis Gabriel

Jamie Kurylo McMahon, Esq. (argued)
Jennifer Axelrod Kallet, Esq.
Tracey McDevitt Hagan, Esq.
REILLY, JANICZEK & MCDEVITT, PC
The Widener Building
Suite 410
One South Penn Square
Philadelphia, PA 19107
     Attorneys for Defendants Safeway, Inc. and Genuardi's Family
     Markets, LP.


**SIMANDLE,** District Judge:


I.  **INTRODUCTION**

     This matter is before the Court on Defendants Genuardi's

Family Markets, L.P. and Safeway, Inc.'s (collectively

"Defendants") Motion for Summary Judgment. [Docket Item 11.]  The

Defendants argue that their motion for summary judgment should be

granted and the Plaintiff Lois Gabriel's ("Plaintiff") complaint should be dismissed with prejudice.  The Plaintiff has filed opposition.  The court held oral argument on November 4, 2011.  For the reasons discussed below, this Court will deny the Defendants' motion for summary judgment.

## II.  BACKGROUND

The instant action is a personal injury suit arising from Plaintiff Lois Gabriel slipping and falling while shopping in the produce section of Defendant Genuardi's Family Market ("Genuardi's").  This Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1) and (c), and New Jersey law provides the rule of decision.

On or about 3:15 PM on September 23, 2008, the Plaintiff was shopping in the produce section of Genuardi's with her fiancé, Joseph Cipolloni.  (Pl.'s Ex. C, Deposition of Lois Gabriel ("Gabriel Dep.") at 44:3-9)).  While shopping in the produce section, Plaintiff saw a stream of water and several grapes on the floor. (Gabriel Dep. at 44:9-12; 45:19-46:18.).  The Plaintiff tried to step across the grapes and water on the floor; however, the Plaintiff was unsuccessful and slipped and fell while walking down the produce aisle. (Gabriel Dep. 52:17.)  The parties dispute whether the Plaintiff slipped on the water, slipped on a grape or slipped on a combination of both.  The Plaintiff sustained injuries as a result of her fall. (Gabriel

2

Dep. 59:3-24.)

Approximately 17 minutes before the Plaintiff's slip and
fall, Defendants' former employee, Noah Champoux, performed an
inspection of the produce area and this area was marked as
"clear." (Def.'s Ex. F, Genuardi's Inspection Log). This
inspection was a formal procedure known as a floor walk which was
conducted by Defendants' Customer Service Associates every hour
throughout each area of the grocery store. (Def.'s Ex. G,
Deposition of Maureen Bruckler ("Bruckler Dep.") at 14:2-12).
The Customer Service Associates would walk a designated route
with a probe and each route had magnetic sensors positioned
throughout the store. (Bruckler Dep. at 14:13-15:2.) If a spill
was detected on the floor walk, the employee was instructed to
stay with the spill until it was cleaned up, even if this
deterred their route. (Bruckler Dep. at 18:11-15.) Once an area
was deemed clear, the Customer Service Associate on that route
would touch their probe to the magnetic sensor which then logged
the time of the inspection and that the area was clear. (Bruckler
Dep. at 14:13-15:2.) A report of all the floor walk inspections
is printed out by the Defendants on a weekly basis. (Bruckler
Dep. at 19:5-14.) At 2:58 PM on September 23, 2008,
approximately seventeen minutes prior to Plaintiff's fall, the
scene was marked as clear by Customer Service Associate Noah
Champoux on the generated report of the floor walk. (Def.'s Ex.

3

G.)

The Plaintiff brought the instant action against the
Defendants alleging negligence/premises liability.  This case was
initially filed in the Superior Court of New Jersey, Atlantic
County Vicinage.  The Defendants then removed the action to the
District of New Jersey. [Docket Item 1].  After the case was
removed, the parties submitted a joint discovery plan and
exchanged discovery. [Docket Items 8 and 10.]

The Defendants then filed the instant motion for summary
judgment. [Docket Item 11.]  The Defendants argue that summary
judgment is appropriate because there is no evidence that the
Defendants breached their duty of care to the Plaintiff.  The
Defendants maintain that there was no actual notice of the
hazardous condition of the grapes and water on the floor.  In
addition, the Defendants contend that negligence cannot be
inferred because the Defendants could not reasonably anticipate
that hazardous conditions would regularly arise simply from the
Defendants' method or manner of doing business.  Further, even if
the inference of negligence should apply, the Defendants argue
that the inference is rebutted because the Defendants took
prudent and reasonable steps to avoid the potential hazard.
Finally, the Defendants maintain that the Plaintiff saw the spill
on the floor prior to her fall and consequently the Defendants
should not be liable for an open and obvious danger.  Therefore,

4

the Defendants contend that their motion for summary judgment be granted.

The Plaintiff opposes Defendants' motion for summary judgment.  First, the Plaintiff argues that the Defendants spoiled evidence by failing to disclose photographs taken of the produce section on the day of the accident.  The Plaintiff next argues that discovery sanctions should be imposed on the Defendants for failing to produce a former employee, Noah Champoux, for a deposition or in the alternative, failing to disclose Mr. Champoux's last known address.  In regards to the merits of the case, the Plaintiff argues that summary judgment is inappropriate because there are genuine issues of material fact with regard to whether the Defendants created the dangerous condition in the produce section or whether the Defendants mode of operation of its business creates an inference of negligence.

## III.  DISCUSSION

There are three distinct issues before the Court.  First, the Court must determine whether a spoliation of evidence has occurred as a result of the Defendants' non-disclosure of the photographs of the produce section taken the day of the Plaintiff's fall.  Second, the Court must analyze whether the Defendants violated their discovery obligations by failing to disclose the last known address of Noah Champoux, the Defendants' former employee who allegedly conducted the floor walk inspection

of the produce section shortly before Plaintiff fell, and the
Defendants' failure to produce Mr. Champoux for a deposition.  If
so, the Court must then address whether the Defendants will be
permitted to rely on Mr. Champoux's Declaration or the Genuardi's
Inspection Log which consists of data compiled by Mr. Champoux
during his walkthrough of the produce section on September 23,
2008.  Finally, the Court must then address the merits of whether
summary judgment is appropriate in the instant action.  The Court
will address each of these issues separately below.

### A.  Spoliation

The Plaintiff argues that the Defendants took photographs of
the scene and have failed to produce the photographs.  The
Plaintiff contends that the Defendants' failure is the result of
spoliation of evidence and a negative inference should be drawn
that the pictures would have been evidence of a negligently
maintained or created condition attributable to the Defendants.
In support of this argument, the Plaintiff attaches an email
correspondence between counsel about the request for production
of the photographs.

The Defendants argue against a negative inference and
maintain that the photographs were not intentionally concealed or
destroyed by the Defendants.  Rather, the Defendants state that
the photographs were not produced because they could not be
located and, after a reasonable investigation, are unable to be

found by the Defendants both at the corporate and the store level.

An unfavorable inference arises against a party when the party refuses or fails without explanation to produce evidence which would tend to throw light on the issues before the court. However, "it is well established that any inference only arises when the evidence was 'within the party's possession or control' and when the party actually suppressed or withheld the evidence." Meyers v. Wokiewicz, 50 Fed. Appx. 549, 554 (3d Cir. 2002) (citing Gumbs v. Int'l Harvester, Inc., 718 F.2d 88, 96 (3d Cir. 1983). Importantly, "no unfavorable inference arises when the circumstances indicate that the document or article in question has been lost or accidentally destroyed, or where the failure to produce it is otherwise properly accounted for." Gumbs, 718 F.2d at 96.

In this case, a spoliation inference would be inappropriate. There is no evidence that the Defendants actually suppressed or withheld the photographs at issue. The email correspondence relied on by the Plaintiff supports the Defendants' assertion that the photographs were lost and could not be found after a diligent inquiry and a good faith effort to locate them. The Third Circuit has clearly held that "no unfavorable inference arises when the circumstances indicate that the document or article in question has been lost or accidentally destroyed."

Gumbs, 718 F.2d. at 96.  Therefore, the Plaintiff's argument for a spoliation inference is without merit and will be denied.

However, while there is no inference, the Court will not foreclose the jury from receiving evidence about the non-existence of these photos.  The photos represent unique evidence of the scene taken on the day of the accident and were part of a file created by the Defendants.  The remaining contents of the file has been exchanged in discovery and will be instrumental to trying the case.  The Plaintiff may produce evidence to the jury that the absence of photographs from the Plaintiff's case in chief is not due to the Plaintiff's error but is the result of the unintentional loss of the photographs by the Defendants, but Plaintiff may not argue for a negative inference based upon these facts.

**B.  Discovery Issue**

The Plaintiff next argues that the Defendants failed to produce Noah Champoux for a deposition despite Plaintiff's request.  Further, the Plaintiff maintains that the Defendants did not provide the Plaintiff with Mr. Champoux's last known address.  Therefore, the Plaintiff contends that the Defendants should not be permitted to rely upon the testimony of Mr. Champoux in this motion, which according to the Plaintiff includes Genuardi's Inspection Log and Mr. Champoux's Sweep Declaration.

8

The Defendants oppose this sanction and argue that they were not required to produce Mr. Champoux for a deposition. Specifically, the Defendants maintain that Mr. Champoux is a former employee and therefore not within the Defendants' custody or control.  In addition, the Defendants argue that the Plaintiff did not request Mr. Champoux's deposition by a Notice of Deposition as required under the Federal Rules of Civil Procedure.  Therefore, the Defendants maintain that they should be allowed to rely upon the Genuardi's Inspection Log and Mr. Champoux's Sweep Declaration.  However, the Defendants do not address their failure to provide the Plaintiff with the last known address of Noah Champoux in their briefing.[1]

The Defendants were required to provide the last known address of Noah Champoux to the Plaintiff and their failure to do so prior to filing their motion for summary judgment is subject to sanctions.  As part of their initial disclosure, Defendants were required, "without awaiting a discovery request," to provide

_____

[1]  During oral argument, the Defendants' counsel represented to the Court that she had disclosed Mr. Champoux's last known address to the Plaintiff the previous day, November 3, 2011, when she discovered his whereabouts through an internet search.  While this disclosure is excessively late as discovery on this case has closed and the briefing for the instant summary judgment motion was complete, the Court does recognize that the Defendants ultimately took steps to comply with their disclosure requirements to the Plaintiff.  The Court admonishes the Defendants to comply with Fed. R. Civ. P. 26(a) in future cases, as failing to comply wastes valuable time and resources of the parties and the court.

Plaintiff with both "the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A).  Rule 37(c)(1) provides "mandatory sanctions," Fitz, Inc. v. Ralph Wilson Plastics Co., 174 F.R.D. 587, 591 (D.N.J. 1997), if a party "fails to provide information or identify a witness as required by Rule 26(a)," unless the failure was harmless or excused by "substantial justification." Fed. R. Civ. P. 37(c)(1).

Defendants failed to include the last known address of Noah Champoux in their initial disclosures and now seek to rely upon his declaration, signed shortly after the accident while he was still in Defendants' employ, in support of their motion for summary judgment.  In addition, the Defendants made no apparent effort to supplement their disclosures pursuant to Rule 26(e), Fed. R. Civ. P., until the day before oral argument was held on this motion.  Further, the Defendants have likewise proposed no substantial justification for their failure of disclosure, other than the fact that Defendants records did not contain a last known address for Champoux.  Therefore, sanctions are appropriate.

Pursuant to Fed. R. Civ. Pro. 37, if a party fails to identify a witness in its initial disclosures, the party is not

permitted to use that "witness to supply evidence on a motion." Fed. R. Civ. Pro. 37(c)(1). Therefore, the Defendants will not be permitted to rely on the Sweep Declaration of Noah Champoux in support of their motion for summary judgment, as this Declaration is a sworn statement supplied by the witness.

However, the Defendants will be permitted to rely on the Genuardi's Inspection Log in support of their motion for summary judgment as this is a business record of the Defendants and not testimony of Noah Champoux. While Mr. Champoux was the Customer Service Agent that marked the produce section clean during the time at issue, the report printout of the Genuardi's Inspection Log indicating the time, section, and state of cleanliness is not the testimony of the individual Customer Service Agents who performed the inspection. Rather, Genuardi's Inspection Log is a business record as defined in Fed. R. Evid. 803(6). The authenticity of the Genuardi's Inspection Log as a business record kept in the ordinary course of business is established through the deposition of Maureen Bruckler as a custodian.

Therefore, as Genuardi's Inspection Log is not evidence supplied by Mr. Champoux and can be established as a business record through the deposition of Maureen Bruckler, the Defendants will be permitted to rely on the Genuardi's Inspection Log in support of their motion for summary judgment.

In regards to the deposition of Mr. Champoux, the Defendants

11

did not have a duty to produce Mr. Champoux for a deposition as he was a former employee and the Plaintiff failed to follow the requirements of Fed. R. Civ. Pro. 30(b)(1).  It is well settled that "a corporation may not be examined through its former officers, directors, or managing agents, nor subordinate employees or stockholders." Pettyjohn v. Goodyear Tire and Rubber Co., No. 91-2681, 1992 WL 168085, at *1 (E.D. Pa. July 9. 1992)(citing Mitchell v. American Tobacco Co., 33 F.R.D. 262 (M.D. Pa. 1963)).  Consequently, neither the court nor a corporation has any basis to compel a former employee to be examined through deposition.  Id.  "To the extent plaintiff wishes to depose non-parties he shall follow Rules 30 and 45 of the Federal Rules of Civil Procedure." Maynard v. Goodwill Industries of Delaware, No. 08-801, 2009 WL 1402281, at *2 (D. Del. May 18, 2009)(holding that a corporation has no power to compel the depositions of former employees and therefore the plaintiff was required to issue notice and a subpoena).

Here, it is undisputed that Noah Champoux is a former employee of the Defendants who held a subordinate position as a Customer Service Associate.  Consequently, the Defendants had no obligation to produce him for a deposition.

Nevertheless, during oral argument, the Defendants informed the Plaintiff and the court that Mr. Champoux had been located and is currently living in Florida.  The Defendants agreed to the

Plaintiff's request to take the deposition of Mr. Champoux should summary judgment be denied.  The court directed the parties to schedule a deposition and permitted discovery to be reopened for this purpose.

Therefore, no sanctions will be imposed on the Defendants for the failure to produce Mr. Champoux for a deposition prior to the summary judgment motion.  However, as the parties stated during oral argument, Mr. Champoux has meaningful information that needs to be discovered and the Plaintiff will be permitted to do so through a deposition.[2]

### C. Summary Judgment

#### 1. Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party."  See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A

---

[2] Defense counsel has spoken with Mr. Champoux, and the Court requests counsel's cooperation in obtaining his attendance at a deposition in Florida on a mutually convenient date.  The deposition may be convened by telephone or other remote means, pursuant to Rule 30(b)(4), Fed. R. Civ. P.  Plaintiff shall bear reasonable deposition expenses for this discovery deposition, while Defendants shall bear reasonable expenses with respect to preserving Champoux's testimony for trial de bene esse, as the witness is otherwise unavailable under Rule 32(a)(4)(B)(witness is more than 100 miles from place of trial).

fact is "material" only if it might affect the outcome of the suit under the applicable rule of law.  Id.  Disputes over irrelevant or unnecessary facts will not preclude a grant of summary judgment.  Id.

Summary judgment will not be denied based on mere allegations or denials in the pleadings; instead, some evidence must be produced to support a material fact.  Fed. R. Civ. P. 56(c)(1)(A); United States v. Premises Known as 717 S. Woodward Street, Allentown, Pa., 2 F.3d 529, 533 (3d Cir. 1993).  The nonmoving party must "do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986).

> [Rule 56] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  In such a situation, there can be "no genuine issue as to any material fact," since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.

Celotex, 477 U.S. at 323.

However, the Court will view any evidence in favor of the nonmoving party and extend any reasonable favorable inferences to be drawn from that evidence to that party.  Hunt v. Cromartie, 526 U.S. 541, 552 (1999).  See also Scott v. Harris, 550 U.S. 372, 378 (2007) (The district court must "view the facts and draw

14

reasonable inferences in the light most favorable to the party opposing the summary judgment motion."). Procedurally, the parties seeking and opposing summary judgment must comply with the requirements for filing a statement of material facts not in dispute and a response thereto, as set forth in L. Civ. R. 56.1(a).

### 2. Failure to Submit a Statement of Material Facts

A Statement of Material Facts Not in Dispute is required to be submitted in a motion for summary judgment pursuant to L. Civ. Rule 56.1. "A motion for summary judgment unaccompanied by a statement of material facts not in dispute shall be dismissed." L. Civ. Rule 56.1(a). A moving party's failure to comply with Rule 56.1 is itself sufficient to deny its motion. <u>Bowers v. NCAA</u>, 9 F. Supp. 2d 460, 476 (D.N.J. 1998) ("This failure to comply with the Local Civil Rule would by itself suffice to deny [defendant's] motion for summary judgment.") The rule itself so provides, and Defendants' failure to prepare a statement of material facts not in dispute would itself justify denying Defendants' motion for summary judgment.

However, some courts in this District have declined to deny such motions on these grounds in instances where there is "no evidence of bad faith on the part of the moving party." <u>Fowler v. Borough of Westville</u>, 97 F. Supp.2d 602, 606-07 (D.N.J. 2000); <u>see</u> <u>Pipko v. CIA</u>, 312 F. Supp.2d 669, 675 (D.N.J. 2004)(excusing

15

CIA's failure to file statement "since the parties do not dispute the procedural or factual background of this action" and there was no evidence of bad faith.)  Instead, the court can choose to "admonish that the parties consult the local rules in future cases."  Comose v. New Jersey Transit Rail Operations, Inc., 2000 U.S. Dist. LEXIS 20790 (D.N.J. 2000); see also Leme v. International Total Serve., 56 F. Supp.2d 472, 477 n.4 (D.N.J. 1999).

In this case, the Court finds no evidence of bad faith and finds the Defendants' factual representations to be well-organized, and Plaintiff was able to address each factual assertion in an orderly manner.  Therefore, the Court will not deny summary judgment on these procedural grounds and address the merits of Defendants' motion.  However, the Court must emphasize the importance of compliance with the Local Civil Rules and urges the Defendants comply fully with L. Civ. R. 56.1(a) in the future.

The Court will now address the merits of the Defendants' motion.

### 3. Negligence Claim

In this action, the Plaintiff contends that the Defendants were negligent in failing to safely maintain the premises of the produce section at Genuardi's Family Market. In order to establish a claim for negligence, a plaintiff must prove three

16

elements:  (1) a duty of care owed by defendant to plaintiff; (2) a breach of that duty by defendant; and (3) an injury to plaintiff proximately caused by defendant's breach.  Endre v. Arnold, 300 N.J. Super. 136, 142 (App. Div. 1997).  "Whether a duty exists is solely a question of law to be decided by a court and not by submission to a jury."  Id.

Business owners owe a duty of care to business invitees to discover and cure dangerous conditions or circumstances, to maintain a reasonably safe premises and to avoid creating conditions which would render the premises unsafe.  O'Shea v. K Mart Corp, 304 N.J. Super. 489, 493 (App. Div. 1997).

There is no dispute that the Defendants owed the Plaintiff a duty of care or that the Plaintiff suffered damages.  The main issues are whether the Defendants breached their duty of care and whether the grapes and water on the floor were an open and obvious danger, thus relieving the Defendants from any liability.

### a. Breach

In addressing the issue of breach, "an injured plaintiff asserting a business owner's breach of duty of due care must prove, as an element of the cause of action, that the defendant had actual or constructive knowledge of the dangerous condition that caused the accident."  Nisivoccia v. Glass Gardens, Inc., 175 N.J. 559, 563 (2003).  Importantly:

> Equitable considerations have, however, motivated this
> Court to relieve the plaintiff of proof of that element

> in circumstances in which, as a matter of probability, a dangerous condition is likely to occur as the result of the nature of the business, the property's condition, or a demonstrable pattern of conduct or incidents. In those circumstances, we have accorded the plaintiff an inference of negligence, imposing on the defendant the obligation to come forward with rebutting proof that it had taken prudent and reasonable steps to avoid the potential hazard.

Id. at 563-64.  This is known as the "mode of operation" rule. Id. at 564.  This rule relieves the plaintiff from showing actual or constructive notice of a dangerous condition and instead entitles the plaintiff to an inference of negligence.  This shifts the burden to the defendant, who can avoid liability by showing that it did "all that a reasonably prudent man would do in the light of the risk of injury [the] operation entailed.  Id. (citing Wollerman v. Grand Union Stores, Inc., 47 N.J. 426, 429 (1996).  "[T]he question of the adequacy of the store's efforts to exercise due care [is] one for the jury." Nisivoccia, 175 N.J. at 566.

The mode of operation rule has been consistently applied in cases involving "self-service" retail stores.  O'Shea, 304 N.J. Super. at 493.  New Jersey courts have defined "self-service" as a "mode of operation designed to allow the patron to select and remove the merchandise from the premises without intervention from any employee of the storekeeper." Craggan v. Ikea USA, 332 N.J. Super. 53, 63 (App. Div. 2000).  Particularly, produce sections in supermarkets have been readily found to utilize the

18

"self-service" mode of operation and consequently, New Jersey courts have consistently held that an inference of negligence is appropriate.  See Wollerman, 47 N.J. 426 (plaintiff slipped on string bean in produce area); Nisivoccia, 175 N.J. 559 (plaintiff slipped on grapes in check-out area).

Here, the Defendants argue that the packaging of the grapes is sufficient to defeat an inference of negligence because in this case the grapes were sold in individual closed bags and were usually merchandised inside an additional plastic bag within a grape box.

However, the Defendants' focus on the specific packaging of the grapes overlooks the important factor of the grapes being sold in a self-service fashion from open bins.  When items are sold through a self-service method, an inherent risk arises from customers handling and removing items from the display on their own without the assistance of an employee.  The merchandise, once put on display by the store owner, does not remain untouched and static.  Instead, customers examine the merchandise, remove the merchandise and restack the merchandise which can create hazardous conditions for future customers.  See O'Shea, 304 N.J. Super. at 493 (explaining store owners are under a duty to guard against injuries to customers due to the fallings of stacked merchandise which may result from actions of other customers) and Craggan, 332 N.J. Super. at 62 (reasoning the unifying danger

19

posed by the self-service mode of operation is allowing patrons to select and remove merchandise without intervention from any employee).  Therefore, New Jersey courts have consistently found an inference of negligence appropriate in cases involving injuries arising from a self-service mode of operation.

In this case, it is undisputed that the Defendants' produce section utilizes a self-service mode of operation.  Customers were encouraged to examine, select and remove bags of grapes from open bins without any intervention of an employee.  This created an inherent risk as the handling and restacking of grape bags by customers, and conceivably the opening and closing of the grape bags by the customers who sample the produce, results in disarray which may cause loose grapes to fall on the ground.  Indeed, the Defendants do not know how the grapes and water on which Plaintiff fell came to be on the floor.  Therefore, an inference of negligence is appropriate in this case under the mode of operation rule.

The Defendants argue that even if the mode of operation rule applies, the record is clear that the Defendants took prudent and reasonable steps to avoid the hazardous condition and insure the safety of its customers.  The Defendants rely on the Genuardi's Inspection Log as evidence of the Defendants' hourly routine inspections of the store, including the produce section, for spills.  The Defendants emphasize that seventeen minutes prior to

20

the accident, the produce section was clear of spills.

However, the Defendants' "focus is too narrow.  The issue is not simply one of notice; the issue concerns a condition created by the proprietor for which notice is not required."  O'Shea, 304 N.J. Super. at 493.   Whether the Defendants efforts to exercise due care are sufficient to rebut the inference of negligence is a question of fact for the jury.  Nisivoccia, 175 N.J. at 566.

Giving all favorable inferences to the Plaintiff, there is a genuine issue of material fact with regard to whether the Defendants took sufficient steps to rebut the presumption of negligence.  A rational jury could find that the Defendants' hourly floor walks were not sufficient in a busy supermarket's produce section.  Furthermore, Defendants' arguments pertaining to the bagging of grapes for retail sale does not address the stream or puddle of water that Plaintiff testified she saw on the floor, seeming to emanate from a display box.  This is a material factual dispute whether such water was present, and, if so, why it was not detected in the alleged floor walk 17 minutes earlier. These are issues of Defendants' negligence that a jury must resolve.

During oral argument, the Defendants presented the unpublished opinion Mizerak v. Village Supermarket, No. A-4360-08, 2010 N.J. Super. Unpub. LEXIS 645 (App. Div. March 26, 2010), in support of their motion for summary judgment.  In this

opinion, the Appellate Division reversed a trial court's grant of
summary judgment by finding that there were genuine issues of
fact as to whether the defendant supermarket was negligent.
Importantly, the Appellate Division held that the plaintiff was
entitled to an inference of negligence when she slipped and fell
on a food-like substance in the bakery aisle.  The Appellate
Division reasoned:

> If her [plaintiff's] testimony is accepted by a jury it
> establishes that she fell on a food-like substance in an
> aisle near the bakery.  It is a fair inference that this
> substance was on the floor as the result of carelessness
> by customers in handling products.  Because this handling
> of products was consistent with defendant's mode of
> operation, defendant was obliged to anticipate such
> spillage and to use reasonable measures to promptly
> detect and remove such hazards.

Id. at**7-8.  Therefore, because the court found that the
plaintiff was entitled to an inference of negligence and there
was a genuine issue of material fact as to whether this
presumption could be rebutted by the Defendant, the Appellate
Division reversed the trial court's grant of summary judgment and
remanded the matter.

    In this case, there is also an inference of negligence and
genuine issue of material fact as to whether the Defendants had
taken prudent and reasonable steps to detect and remove spill
hazards.  While the Defendants have presented evidence of their
hourly floor walks, this evidence is not conclusive and raises a
genuine issue of material fact as to whether the presumption of

22

negligence should be rebutted.  Further, there is a dispute between the parties as to whether the Plaintiff slipped on water, slipped on a grape, or slipped on a combination of both.  These disputes create genuine issues of material fact from which a jury could find that the Defendants breached their duty of care.

Therefore, summary judgment as to the Defendants' negligence is inappropriate.  "[T]he question of the adequacy of the store's efforts to exercise due care [is] one for the jury." Nisivoccia, 175 N.J. at 566.

### b. Open and Obvious Danger

The Defendants also argue that summary judgment is appropriate because even if there is an issue of fact as to their negligence, the Defendants are not liable to the Plaintiff because her injury was caused by an open and obvious danger.  The Defendants maintain that the evidence shows the Plaintiff saw the grapes and water on the floor prior to her fall.  Therefore, the danger was open and obvious to her and the Defendants should not be liable.  The Plaintiff does not address this argument in her brief.

Under New Jersey law, patrons in a supermarket have "the right to assume that the defendant [supermarket] had performed its duty of exercising reasonable care to maintain the aisle in a reasonably safe condition." Krackomberger v. Vornado, Inc., 119 N.J. Super. 380, 383 (App. Div. 1972).  This right exists until

the patron becomes aware or should have been aware of the hazard which allegedly caused the accident.  If the patron was aware of the hazard and was not exercising due care for her own protection, then the patron was negligent.  The contributory negligence of the patron is not a bar to recovery unless it was a substantial factor in bringing about the harm.  Id.

It is clear from the record that the Plaintiff became aware of the grapes and water on the floor prior to walking in them and falling.  The Plaintiff's deposition testimony states:

> Q. So you saw the spots of water and the grapes
> prior to your fall?
> A. Yes.
> ....
> Q. You say you saw the grapes in the stream of
> water prior to walking in that area.  Did you take
> any steps to avoid that area?
> A. I was being careful not to walk on a grape.
> That was it.
> Q. How far away from the water and grapes were you
> when you turned the corner?
> A. Okay.  When I turned the corner here and walked
> down this way, I could see the grapes.  There were
> two grapes there, and there was some under the
> counter.  I tried to avoid the water and just
> walked down that grape aisle, and that's all she
> wrote.

(Gabriel Dep. 47:3-5; 51:22-52:10.)

In this case, the fact is undisputed that the Plaintiff deliberately walked through water and grapes on the floor. However, the degree of her negligence when compared with the Defendants' negligence is a disputed issue of fact and a question for a jury.  Giving all favorable inferences to the Plaintiff, a

24

rational jury could find that the Plaintiff's negligence was not a substantial factor in bringing about the harm.  Everyday experience teaches that it may, or may not, be negligent to walk through, or attempt to step past, some hazard in the pathway; the jury must assess all the circumstances to determine whether Plaintiff's decision to attempt to cross over the spillage was so unreasonable that her comparative negligence exceeded that of the Defendants in their mode of operation of the produce department. It is only if Plaintiff's comparative negligence exceeds 50% of the total fault that her recovery is barred; this Court cannot say, as a matter of law, that no reasonable jury could find Plaintiff's negligence was less than 50% of the total fault for this accident.

"[I]f reasonable minds could differ as to whether any negligence had been shown, the [summary judgment] motion should be denied." Brill v. Guardian Life Ins. Co. of America, 142 N.J. 520, 536 (1995).  See also Schecter v. J.F. Kiely Const. Co., No.?? , 2008 WL 859242, *3 (N.J. App. Div. April 2, 2008) ("once plaintiff's proofs, viewed most favorably towards plaintiff, establish a genuinely disputed issue of fact as to any negligence on the part of defendant, the degree of that negligence is a jury question").

Therefore, summary judgment will be denied as there is a genuine dispute of material fact regarding the degree of the

Defendants' negligence and the degree of the Plaintiff's negligence which should be left to the jury.

## IV.  PROCEDURE

The Defendants' motion for summary judgment is denied. Arbitration of the case will be deferred until April.  On November 10, 2011 at 2 PM, the parties will hold a telephone conference with Magistrate Judge Schneider to schedule a settlement conference, to be conducted within 30 days of this order.   The parties have also agreed to schedule the deposition of Noah Champoux for discovery purposes and possibly trial purposes, as discussed above.   Should the settlement conference and the arbitration be unsuccessful, this case will be promptly scheduled for trial.


## V.  CONCLUSION

The Defendants' motion for summary judgment is denied. There are genuine issues of material fact as to whether the Defendant was negligent and whether the Plaintiff's comparative negligence was a substantial factor in bringing about her harm. These questions are inappropriate for disposition on summary judgment and should be determined by a jury.

Therefore, the Defendants' motion for summary judgment is denied and the case will proceed in accordance with the procedure outlined above.

26

The accompanying Order will be entered.

**November 7, 2011**                                   **s/ Jerome B. Simandle**
Date                                                   JEROME B. SIMANDLE
                                                       United States District Judge